■ RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, v ROBERT CRISTANDO, Respondent, and EDWIN LOZADA, Appellant. [10 NYS3d 570]—

In a stakeholder's interpleader action pursuant to CPLR 1006 (f), the defendant Edwin Lozada appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated January 14, 2014, as denied his cross motion to recover the proceeds of a life insurance policy and granted the cross motion of the defendant Robert Cristando to recover the proceeds of the life insurance policy.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Robert Cristando (hereinafter Cristando) and the decedent Monica Cristando (hereinafter the decedent) were married from 1995 until 2012. In 2008, the decedent purchased a term life insurance policy from the plaintiff, Reliastar Life Insurance Company of New York, and named Cristando as her primary beneficiary. In 2009, Cristando filed for divorce. The divorce summons included the "automatic orders" of Domestic Relations Law § 236 (B) (2) (b), enjoining the decedent from changing the beneficiary of her term life insurance policy during the pendency of the divorce action. In May 2012, before the beginning of the divorce trial, the decedent changed the primary beneficiary of her term life insurance policy from Cristando to her brother, the defendant Edwin Lozada. After the conclusion of the divorce trial but before the entry of the judgment of divorce, the decedent died.

Both Cristando and Lozada filed claims for the proceeds of the decedent's life insurance policy. The plaintiff commenced this action, and each defendant cross-moved for an order directing the plaintiff to turn over the full proceeds of the decedent's life insurance policy to him. The Supreme Court, inter alia,

denied Lozada's cross motion and granted Cristando's cross motion to the extent of directing the plaintiff to pay the proceeds of the decedent's life insurance policy to him. Lozada appeals, as limited by his brief, from so much of the order as denied his cross motion and granted Cristando's cross motion to recover the proceeds of the life insurance policy. We affirm insofar as appealed from.

The Supreme Court properly directed the plaintiff to pay the proceeds of the decedent's life insurance policy to Cristando rather than to Lozada because, by changing the primary beneficiary of her life insurance policy from Cristando to Lozada while the divorce action was still pending, the decedent violated the automatic orders (*see* Domestic Relations Law § 236 [B] [2]; *see also Sykes v Sykes*, 35 Misc 3d 591, 595 [2012]). Lozada's remaining contentions are either not properly before this Court or without merit. Accordingly, the order is affirmed insofar as appealed from. Eng, P.J., Hall, Cohen and Barros, JJ., concur.